This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38680**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KRYSHNA CHAPO,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Felicia R. Blea-Rivera, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from her bench trial conviction in metropolitan court for aggravated driving while intoxicated, contrary to NMSA 1978, Section 66-8-102(D)(1) (2016). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Defendant abandons her reasonable suspicion assertions and continues to argue that there was insufficient evidence of impaired operation to sustain a conviction for driving while intoxicated. [MIO 3-6] We

addressed the sufficiency of the evidence that Defendant was operating a vehicle while impaired in our notice of proposed disposition. [CN 7-12] We noted that a McDonald's employee testified that she heard a person at the drive-thru window who was slurring her speech and that she could see the vehicle through the video monitor, where she observed Defendant as the driver in a vehicle and a male telling her not to drive and that she did not want a DWI. [CN 8-9] Based on these facts, we proposed to conclude that evidence before the metropolitan court that a McDonald's drive-thru employee saw Defendant driving, believed she was impaired, heard another individual argue with her that she should not be driving because she was impaired, and noted that the individual parked Defendant's vehicle and took her keys in the hopes she would not drive any further and avoid a DWI, was sufficient for the metropolitan court to conclude that "Defendant actually drove while impaired, particularly when considered alongside Defendant's known breath alcohol concentration." [CN 10] *See State v. Orquiz*, 2012-NMCA-080, ¶ 4, 284 P.3d 418 ("[E]vidence of past driving, though circumstantial, is nonetheless sufficient for a jury to infer that [the d]efendant actually drove while impaired when considered alongside [the d]efendant's known BAC.").

**{3}** To the extent Defendant asserts in her memorandum in opposition that this Court's proposed conclusion was in error because the McDonald's drive-thru employee "did not actually witness [Defendant] operate the vehicle, but only watched the male occupant take control and drive the vehicle to a parking spot[,]" [MIO 5] we are not persuaded. Regardless of whether the McDonald's drive-thru employee observed Defendant's vehicle in motion with Defendant as the driver, or whether the employee observed Defendant's vehicle stopped at the drive-thru window with Defendant in the driver's seat, appearing to slur her words, before the male occupant took control of the vehicle and drove it to a parking spot, the location of Defendant's vehicle in the drive-thru of the McDonald's and the employee's observations as described above are sufficient circumstantial evidence to conclude that Defendant actually drove while intoxicated. *Id.*; *see State v. Mailman*, 2010-NMSC-036, ¶¶ 23, 26-28, 148 N.M. 702, 242 P.3d 269 (recognizing that the state may introduce direct or circumstantial evidence that the defendant drove while intoxicated). Therefore we are unpersuaded by Defendant's memorandum in opposition.

**{4}** Defendant additionally states that the docketing statement describes the McDonald's employee's observations as related to the driver of the vehicle, "presumably [Defendant]" [MIO 1], without specifically identifying the vehicle's driver as Defendant. [MIO 5] Nonetheless, Defendant neglects to provide this Court with any further facts or arguments that persuade us that the docketing statement's reference to the driver of the vehicle was not to Defendant, the evidence did not support an inference that the driver was Defendant, identity was at issue, or the district court erred. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement),

*superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the lower court, and the party claiming error bears the burden of showing such error).

**{5}**     Thus, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**